**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BRIAN SPEARS,<br>Petitioner,<br>v.<br>PATRICK COVELLO,<br>Respondent. | No. 2:25-CV-02873-TLN-ICD<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner, a prisoner proceeding *pro se*, filed a petition for a writ of habeas corpus on October 6, 2025. *See* ECF No. 1. Respondent filed a motion to dismiss on January 15, 2026. *See* ECF No. 12. Petitioner filed an opposition to the motion to dismiss and a motion for stay and abeyance on March 16, 2026. *See* ECF Nos. 16, 17. Respondent filed a reply to the opposition to the motion to dismiss and an opposition to the motion for stay and abeyance. *See* ECF No. 18. Petitioner filed a reply to the opposition. *See* ECF No. 22. Both motions are now before the Court, along with their respective oppositions and replies.

## I. LEGAL STANDARD

In considering a motion to dismiss, the Court must accept all allegations of material fact in the petition as true. *See Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007). The Court must also construe the alleged facts in the light most favorable to the petitioner. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). All ambiguities or doubts must also be resolved in the petitioner's favor. *See Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). However, legally conclusory statements, not supported by actual factual allegations, need not be accepted. *See Iqbal*, 556 U.S. at 678–79. In addition, *pro se* pleadings are held to a less stringent standard than those drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim under Rule 12(b)(6), a pleading must contain more than "a formulaic recitation of the elements of a cause of action"; it must contain factual allegations sufficient "to raise a right to relief above the speculative level." *Id.* at 555–56. The pleading must contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

In habeas corpus proceedings, a motion to dismiss is procedural in nature and is properly reviewed under Rule 4 of the Rules Governing Section 2254 Cases. *See O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir. 1990) (explaining that Rule 4 allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief"); *see also White v. Lewis*, 874 F.2d 599, 602–03 (9th Cir. 1989) (holding that a motion to dismiss a habeas petition on procedural grounds is proper under Rule 4). While the Court generally confines its review to the petition and any attached exhibits, *see* Rule 4, Rules Governing Section 2254 Cases, the Court may also consider materials outside the pleadings without converting the motion into one for summary judgment. Specifically, the Court may consider: (1) documents whose contents are alleged in or attached to the petition and whose authenticity no party questions, *see United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003); (2) documents whose authenticity is not in question, upon which the petition necessarily relies, but which are not physically attached to the petition, *see Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010); and (3) state court records and other matters of public record of

which the Court may take judicial notice, *see Harris v. Cnty. of Orange*, 682 F.3d 1126, 1131–32 (9th Cir. 2012) (noting that a court may take judicial notice of undisputed matters of public record, including documents on file in federal or state courts); *see also Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994).

Finally, a habeas petition may be amended or supplemented as provided in the rules of procedure applicable to civil actions. *See* 28 U.S.C. § 2242; Rule 12, Rules Governing Section 2254 Cases; *see also Mayle v. Felix*, 545 U.S. 644, 655 (2005) (applying Fed. R. Civ. P. 15(a) to habeas proceedings). Leave to amend should be granted "[u]nless it is absolutely clear that no amendment can cure the defects." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); *see also Lopez v. Smith*, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc); *Jarvis v. Nelson*, 440 F.2d 13, 14 (9th Cir. 1971) (per curiam) (holding that a habeas petition should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted).

## II. BACKGROUND

On August 19, 2014, Petitioner was convicted of eight counts of lewd acts and one count of continuous sexual abuse and was sentenced to an indeterminate prison term of 240 years to life, plus a consecutive determinate term of four years and four months. *See* ECF No. 13-1 at 2–3. On March 7, 2016, the California Court of Appeal modified the sentence and remanded the case. *See* ECF No. 13-2 at 20. Petitioner filed a petition for review in the California Supreme Court, which denied review on June 15, 2016. *See* ECF Nos. 13-3, 13-4.

On remand, the trial court resentenced Petitioner to an indeterminate term of 210 years to life, plus four years and four months. Petitioner appealed, and on March 20, 2018, the California Court of Appeal again remanded the matter for further proceedings. *See* ECF No. 13-5. Petitioner again filed a petition for review in the California Supreme Court, which denied review on June 13, 2018. *See* ECF Nos. 13-6, 13-7.

A hearing on remittitur was held in the trial court on March 29, 2019, at which the trial court struck the indeterminate term of 15 years to life imposed on count two. *See* ECF No. 13-8. Between 2013 and 2025, Petitioner filed five state post-conviction collateral challenges related to

the pertinent judgment or claims: one petition for a writ of habeas corpus in the El Dorado County Superior Court, two in the California Court of Appeal, and two in the California Supreme Court. *See* ECF Nos. 13-9 through 13-18. Petitioner filed the instant federal petition for a writ of habeas corpus on October 6, 2025. *See* ECF No. 1.

## III. DISCUSSION

Respondent moves to dismiss Petitioner's federal habeas petition on multiple grounds. Respondent argues that Petitioner's ineffective assistance of counsel claim is unexhausted in state court, and that Petitioner's excessive restitution and conditions-of-confinement claims are not cognizable in a federal habeas corpus proceeding and must instead be brought in a civil rights action. *See* ECF No. 12 at 3–4. Petitioner concedes the excessive restitution claim, argues that conditions-of-confinement claims are cognizable in habeas corpus, and moves for a stay and abeyance while state court proceedings are pending. *See* ECF Nos. 16, 17.

### A. Petitioner's Claims Are Mixed

Petitioner expresses uncertainty as to whether his ineffective assistance of counsel claim is exhausted. *See* ECF No. 16 at 4. Petitioner suggests that, because the California Supreme Court heard his ineffective assistance of counsel claim and remanded the case to the trial court, "one complete round" of review has been accomplished and state remedies are therefore exhausted. *See id.* This misstates the law.

Under 28 U.S.C. § 2254(b), the exhaustion of available state remedies is required before claims can be granted by a federal court in a habeas corpus case. *See Rose v. Lundy*, 455 U.S. 509, 515 (1982); *see also Kelly v. Small*, 315 F.3d 1063, 1066 (9th Cir. 2003); *Hunt v. Pliler*, 336 F.3d 839, 840 (9th Cir. 2003). The exhaustion doctrine is based on a policy of federal-state comity, designed to give state courts the initial opportunity to correct alleged constitutional deprivations. *See Picard v. Connor*, 404 U.S. 270, 275 (1971); *see also Rose*, 455 U.S. at 518. "A petitioner may satisfy the exhaustion requirement in two ways: (1) by providing the highest state court with an opportunity to rule on the merits of the claim . . .; or (2) by showing that at the time the petitioner filed the habeas petition in federal court no state remedies are available to the petitioner and the petitioner has not deliberately by-passed the state remedies." *Batchelor v.*

*Cupp*, 693 F.2d 859, 862 (9th Cir. 1982) (citations omitted). Exhaustion is not a jurisdictional requirement, and the court may raise the issue *sua sponte*. *See Simmons v. Blodgett*, 110 F.3d 39, 41 (9th Cir. 1997). Unless the petitioner can show that a stay of the federal petition to allow for state court exhaustion proceedings is warranted, a petition asserting unexhausted claims should be dismissed. *See Mena v. Long*, 813 F.3d 907, 910 (9th Cir. 2016); *Wooten v. Kirkland*, 540 F.3d 1019, 1026 (9th Cir. 2008) (citing *Rhines v. Weber*, 544 U.S. 269, 278 (2005)); *Jefferson v. Budge*, 419 F.3d 1013, 1016 (9th Cir. 2005).

Regardless of whether the claim was raised on direct appeal or in a post-conviction proceeding, the exhaustion doctrine requires that each claim be fairly presented to the state's highest court. *See Baldwin v. Reese*, 541 U.S. 27, 29 (2004). Although the exhaustion doctrine requires only the presentation of each federal claim to the highest state court, the claims must be presented in a posture that is acceptable under state procedural rules. *See Sweet v. Cupp*, 640 F.2d 233, 237 (9th Cir. 1981). Thus, an appeal or petition for post-conviction relief that is denied by the state courts on procedural grounds, where other state remedies are still available, does not exhaust the petitioner's state remedies. *See Pitchess v. Davis*, 421 U.S. 482, 488 (1979); *Sweet*, 640 F.2d at 237–39.

In addition to presenting the claim to the state court in a procedurally acceptable manner, exhaustion requires that the petitioner make the federal basis of the claim explicit to the state court by including reference to a specific federal constitutional guarantee. *See Gray v. Netherland*, 518 U.S. 152, 162–63 (1996); *see also Shumway v. Payne*, 223 F.3d 982, 987 (9th Cir. 2000). It is not sufficient for the petitioner to argue that the federal nature of the claim is self-evident. *See Lyons v. Crawford*, 232 F.3d 666, 668 (9th Cir. 2000), *amended by* 247 F.3d 904 (9th Cir. 2001). Nor is exhaustion satisfied if the state court can only discover the issue by reading a lower court opinion in the case. *See Baldwin*, 541 U.S. at 32.

In some cases, a district court may permit the filing of a federal habeas petition even though the claims have not yet been exhausted. *See Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005); *Bonner v. Carey*, 425 F.3d 1145, 1149 n.20 (9th Cir. 2005). In *Pace* and *Bonner*, petitions were pending in state court at the time of the protective federal filings which, if later denied by

the state court as untimely, could have created statute of limitations problems absent the protective filings. The petitioner in *Bonner* lost more than 270 days of the 365-day limitations period because of the state court's long delay in ruling that his petition was untimely. *See Bonner*, 425 F.3d at 1149. Because Bonner's state petition was untimely, it was not "properly filed" for purposes of statutory tolling of the limitations period. *See id.* at 1148–49 (citing *Pace*, 544 U.S. at 413). In *Pace*, the Supreme Court stated that "[a] prisoner . . . might avoid this predicament . . . by filing a 'protective' petition in federal court and asking the federal court to stay and abey the federal habeas proceeding until state remedies are exhausted." *Pace*, 544 U.S. at 416. "Good cause" for a stay and abeyance may be established by a petitioner's reasonable confusion as to whether his state court petition would be considered untimely. *See Bonner*, 425 F.3d at 1149 n.20. When faced with petitions containing both exhausted and unexhausted claims (mixed petitions), the Ninth Circuit previously held in *Ford v. Hubbard* that a district court was required to give two specific warnings to *pro se* petitioners: (1) that the court could only consider a stay-and-abeyance motion if the petitioner chose to proceed with his exhausted claims and dismiss the unexhausted claims; and (2) that federal claims could be time-barred upon return to federal court if he opted to dismiss the entire petition to exhaust unexhausted claims. *See* 330 F.3d 1086, 1099 (9th Cir. 2003). However, the Supreme Court reversed in *Pliler v. Ford*, holding that a district court is not required to give these warnings. *See* 542 U.S. 225, 234 (2004). Furthermore, a district court is not required to *sua sponte* consider a stay and abeyance in the absence of a request from the petitioner, *see Robbins v. Carey*, 481 F.3d 1143, 1148 (9th Cir. 2007), or to inform the petitioner that stay and abeyance may be available, *see Brambles v. Duncan*, 412 F.3d 1066, 1070–71 (9th Cir. 2005). Therefore, in the absence of a stay-and-abeyance motion, a district court should dismiss a mixed petition and need not provide any specific warnings before doing so. *See Robbins*, 481 F.3d at 1147 (citing *Rose*, 455 U.S. at 510 (holding that a petitioner has the "choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims to the district court")).

Here, Petitioner concedes that his ineffective assistance of counsel claim may be unexhausted and, thus, that the petition may be mixed. *See* ECF No. 16 at 4. Petitioner expresses

confusion as to whether, under *O'Sullivan v. Boerckel*, his claim is exhausted. *See id.* In *O'Sullivan*, the Supreme Court held: "Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, we conclude that state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." 526 U.S. 838, 845 (1999) (emphasis added). Petitioner questions whether "one complete round" means that a prior presentation to the state supreme court exhausts state remedies. *See* ECF No. 16 at 4. In this case, because Petitioner's ineffective assistance of counsel claim was remanded by the California Supreme Court to the trial court, Petitioner's reading is that the state courts have already had a full and fair opportunity to resolve his federal constitutional claims before those claims are presented to the federal court.

Petitioner is mistaken. The underlying rationale for the exhaustion requirement would be undermined if "one complete round" merely required that the California Supreme Court had previously encountered the case at least once. If a remand to the trial court meant that state remedies were exhausted even though relief might still be obtained through ongoing state procedures, federal courts could not "accord due respect to the role of state courts in enforcing the prohibition against unconstitutional confinement embodied in the writ of habeas corpus." *Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983) (quoting *Batchelor*, 693 F.2d at 862). Petitioner's reading would also undermine the interests of judicial economy. As the Ninth Circuit explained in *Davidson v. Klinger*, habeas corpus petitioners must resolve all pending state proceedings because they may result in a reversal of the petitioner's conviction on some other ground, thereby rendering the federal constitutional question moot. 411 F.2d 746, 747 (9th Cir. 1969) (per curiam).

Therefore, read in context, *O'Sullivan*'s reference to "one complete round" reflects the Supreme Court's requirement that state courts be given a "full and fair opportunity to resolve federal constitutional claims." *O'Sullivan*, 526 U.S. at 845. A full and fair opportunity may involve remands for further proceedings or factual determinations—as occurred here—which must then be pursued through the state court system until there is a final resolution on the merits

(or a procedural bar). "Fair presentation requires that a state's highest court has 'a fair opportunity to consider . . . and to correct [the] asserted constitutional defect.'" *Lounsbury v. Thompson*, 374 F.3d 785, 787 (9th Cir. 2004) (quoting *Picard v. Connor*, 404 U.S. 270, 276 (1971)). Properly exhausting state remedies includes presenting claims through appeals or original habeas petitions to the state's highest court in a timely and procedurally proper manner. *See O'Sullivan*, 526 U.S. at 848; *see also Carey v. Saffold*, 536 U.S. 214, 221–23 (2002) (explaining that California's collateral review system requires a petitioner to seek original habeas review up to the California Supreme Court to complete a full round of review). Because Petitioner's ineffective assistance of counsel claim remains pending following remand and has not yet received a final resolution from the California Supreme Court, it is unexhausted. *See Sherwood*, 716 F.2d at 634; *Batchelor*, 693 F.2d at 862.

**B. Motion for Stay and Abeyance**

Anticipating that his petition may be mixed, Petitioner moves for a stay and abeyance pending resolution of his state court proceedings. *See* ECF No. 17.

When a motion for stay and abeyance is filed, there are two approaches for analyzing the request, depending on whether the petition is mixed or fully exhausted. *See Jackson v. Roe*, 425 F.3d 654, 661 (9th Cir. 2005); *see also King v. Ryan*, 564 F.3d 1133, 1135–36 (9th Cir. 2009) (comparing the two stay-and-abeyance procedures). If the petitioner seeks a stay and abeyance of a mixed petition containing both exhausted and unexhausted claims, the request is analyzed under the standard announced by the Supreme Court in *Rhines v. Weber*, 544 U.S. 269 (2005). *See Jackson*, 425 F.3d at 661. Under *Rhines*, a district court stays the entire mixed petition without dismissing the unexhausted claims while the petitioner returns to state court. *See King*, 564 F.3d at 1135, 1140. If, however, the petition currently on file is fully exhausted—or the petitioner seeks to dismiss his unexhausted claims and stay only the remaining exhausted claims while exhausting other claims in state court—the three-step approach set out in *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003), *overruled on other grounds by Robbins v. Carey*, 481 F.3d 1143 (9th Cir. 2007), applies. *See Jackson*, 425 F.3d at 661; *King*, 564 F.3d at 1135.

Under *Rhines*, as a threshold condition for the court to exercise its discretion to issue a

stay and abeyance of a mixed petition, the court must determine that there was good cause for the petitioner's failure to exhaust his claims first in state court. *See Rhines*, 544 U.S. at 277. Stay and abeyance is not appropriate where the unexhausted claims are "plainly meritless." *Id.* However, it is likely an abuse of discretion to deny a stay and abeyance where the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. *See id.* at 278.

By contrast, under *Kelly*, a district court may stay a fully exhausted petition while the petitioner exhausts additional claims in state court, without requiring a showing of good cause. *See King*, 564 F.3d at 1135, 1140. The *Kelly* procedure involves three steps: (1) the petitioner amends his petition to delete any unexhausted claims; (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing the petitioner the opportunity to proceed to state court to exhaust the deleted claims; and (3) the petitioner later amends his federal petition to reattach the newly exhausted claims, provided they are timely or relate back to the original petition. *See id.* at 1135 (citing *Kelly*, 315 F.3d at 1070–71); *see also Calderon v. U.S. Dist. Ct. (Taylor)*, 134 F.3d 981, 986–88 (9th Cir. 1998). Whether to grant a *Kelly* stay is within the discretion of the district court. *See Kelly*, 315 F.3d at 1070. The Ninth Circuit has recognized the "clear appropriateness of a stay when valid claims would otherwise be forfeited," noting that a stay under such circumstances promotes comity by deferring the exercise of federal jurisdiction until after the state court has ruled. *Id.*

In this case, Respondent does not argue that Petitioner's unexhausted claim is "plainly meritless." *See* ECF No. 18 at 2–4. Respondent argues, however, that Petitioner lacks good cause and is engaging in intentionally dilatory litigation tactics. *See id.*

**1. Good Cause**

Petitioner advances three arguments to establish good cause for a stay and abeyance: (1) he had "legitimate confusion as to whether the claim was exhausted and also whether his AEDPA or state time was in jeopardy," ECF No. 17 at 7; (2) good cause is satisfied because he is proceeding *pro se*, *see id.* at 8; and (3) a stay and abeyance is appropriate for his "protective petition" under *Pace v. DiGuglielmo*, 544 U.S. 408 (2005), given his reasonable confusion as to

whether his subsequent filing in the California Supreme Court would be deemed timely, *see* ECF No. 17 at 5–6. These arguments are addressed in turn.

**a. Exhaustion of State Remedies and AEDPA Timelines**

Petitioner first argues that good cause is satisfied because he was confused as to whether his ineffective assistance of counsel claim was in fact exhausted. *See* ECF No. 17 at 7. It is unclear how confusion over exhaustion alone constitutes good cause for a stay and abeyance. If Petitioner's claims were already exhausted, a stay and abeyance would be unnecessary; because the petition is mixed, Petitioner must still demonstrate good cause for failing to exhaust his available state remedies before filing in federal court. Moreover, Petitioner's general concern about the running of the limitations period does not independently establish good cause, as the time during which a properly filed application for state post-conviction review is pending does not count toward AEDPA's one-year limitations period. *See* 28 U.S.C. § 2244(d)(2). While the filing of a properly filed state post-conviction petition tolls the statute of limitations, filing a federal habeas petition does not. *See Duncan v. Walker*, 533 U.S. 167, 181–82 (2001). Thus, generalized confusion regarding whether his ineffective assistance of counsel claim was exhausted may explain why Petitioner filed his federal petition when he did, but it does not, standing alone, establish good cause for a stay and abeyance.

**b. *Pro Se* Status and the Good Cause Requirement**

Second, Petitioner argues that *pro se* litigants automatically establish good cause for a stay and abeyance under *Dixon v. Baker*. *See* ECF No. 17 at 8. Petitioner is correct that, in the Ninth Circuit, "[a] petitioner who is without counsel in state postconviction proceedings cannot be expected to understand the technical requirements of exhaustion and should not be denied the opportunity to exhaust a potentially meritorious claim simply because he lacked counsel." *Dixon v. Baker*, 847 F.3d 714, 721 (9th Cir. 2017). Here, however, Petitioner concedes that he was represented by counsel in his state post-conviction proceedings. *See* ECF No. 17 at 6–7. Furthermore, Exhibit B attached to Petitioner's Reply to Respondent's Opposition to Petitioner's Request for Stay and Abeyance demonstrates that Petitioner is represented by the Law Offices of James R. Greiner in his habeas corpus proceeding before the California Supreme Court. *See* ECF

No. 22 at 9. It is immaterial that Petitioner's federal habeas filings fall outside the scope of his state-appointed representation. *See* ECF No. 16 at 7. Because Petitioner was represented by counsel during the relevant state post-conviction proceedings, good cause cannot be grounded in a lack of counsel under *Dixon*.

**c. Protective Petitions Under *Pace v. DiGuglielmo***

Third, Petitioner characterizes his federal filing as a "protective petition" entitled to a finding of good cause under *Pace v. DiGuglielmo*. *See* ECF No. 16 at 7. In *Pace*, the Supreme Court recognized that a prisoner may file a "protective" petition in federal court and ask the federal court to stay and abey the proceedings until state remedies are exhausted when there is "reasonable confusion" about whether a state filing would be timely. 544 U.S. at 416. This procedure protects a petitioner against the risk that a state court might ultimately dismiss a state petition as untimely—which would render the state petition not "properly filed" under 28 U.S.C. § 2244(d)(2) and retroactively forfeit statutory tolling of AEDPA's one-year limitations period. *See id.* at 413, 416. Respondent argues that there can be no reasonable confusion regarding whether state filings would be timely if no state petition had yet been filed at the time of the federal filing. *See* ECF No. 18 at 5. While superficially appealing, Respondent cites no authority holding that reasonable confusion can arise only after a state petition is filed. Indeed, uncertainty regarding California's timeliness rules can readily exist before a state petition is filed, prompting the very need for a protective federal filing under *Pace*.

Unlike most states, which impose a fixed statutory number of days to file a collateral challenge, California applies a general "reasonableness" standard to determine whether a state habeas petition is timely filed. *See Walker v. Martin*, 562 U.S. 307, 311 (2011). Under California law, a petition not filed "within a reasonable time" may still be considered if the petitioner demonstrates good cause for the delay. *In re Robbins*, 18 Cal. 4th 770, 780 (1998). In *Robinson v. Lewis*, the California Supreme Court established a 120-day "safe harbor," holding that a habeas petition filed in a higher court within 120 days of a lower court's denial is never barred as untimely for the gap between those filings. 9 Cal. 5th 883, 901–02 (2020). A delay beyond 120 days does not automatically render a petition untimely or constitute "substantial delay," but it

becomes a factor for the court to consider in its overall reasonableness analysis. *See id.* at 901; *see also Robbins*, 18 Cal. 4th at 780.

In this case, Petitioner filed his federal habeas petition after being informed by state post-conviction counsel that the 120-day safe harbor for filing a habeas petition in the California Supreme Court had expired. *See* ECF No. 16 at 7. Unsure how much longer counsel would need to file the California Supreme Court petition—given the "complexity of the argument and the necessity of documentation that [counsel] was still in the process of receiving from the archives of several higher courts"—Petitioner filed his federal petition to preserve his federal claims in the event the California Supreme Court ultimately deemed his state petition untimely. *Id.*

In *Banks v. Allison*, the Ninth Circuit held that a district court did not abuse its discretion in considering a petitioner's conduct after filing a federal habeas petition when evaluating good cause for a *Rhines* stay. 140 F.4th 1181, 1187 (9th Cir. 2025). There, the district court properly denied a *Rhines* stay because the petitioner was promptly informed of the exhaustion requirement upon filing his federal petition yet made no effort to exhaust his claims in state court during the seven months his stay motion was pending. *See id.* Here, by contrast, examining post-filing conduct weighs in Petitioner's favor.

According to Petitioner's filings, state post-conviction counsel submitted a comprehensive habeas corpus petition—spanning approximately 2,500 pages and accompanied by 20 volumes of exhibits—to the California Supreme Court on April 1, 2026. *See* ECF No. 22 at 4. Given the expiration of the 120-day safe harbor, the extraordinary volume of the record, and the unpredictability of obtaining archival records from multiple courts, Petitioner's confusion as to whether the California Supreme Court would deem his petition timely once filed is objectively reasonable. Moreover, Petitioner's diligence in assembling and filing a substantial state court petition supports a finding of good cause. Accordingly, because Petitioner has demonstrated reasonable confusion regarding the timeliness of his state court filing, the Court finds that Petitioner has established good cause for a stay and abeyance under *Pace* and *Rhines*.

**2. Absence of Intentionally Dilatory Litigation Tactics**

Petitioner contends that it is "obvious" from the facts and record that he has been

diligently pursuing his claims since his conviction, though he does not initially offer supporting facts or argument. *See* ECF No. 17 at 8. Respondent argues that "Petitioner has not shown that he has not been intentionally dilatory," pointing out that Petitioner had still not submitted a petition to the California Supreme Court ten months after the California Court of Appeal denied relief on May 30, 2025. ECF No. 18 at 4. By the time Petitioner filed his reply to Respondent's opposition to the stay-and-abeyance motion, however, he had filed a habeas petition in the California Supreme Court on April 1, 2026. *See* ECF No. 22 at 4.

To put the timeline in perspective, the California Court of Appeal, Third Appellate District, denied relief on May 30, 2025. *See* ECF No. 16 at 2. On September 30, 2025, Petitioner was informed by counsel that his final state habeas petition would not be filed within the 120-day safe harbor. *See* ECF No. 17 at 6. Petitioner then filed the instant federal habeas petition on October 6, 2025, and filed his habeas petition in the California Supreme Court roughly six months later, on April 1, 2026. *See* ECF Nos. 1, 22 at 4.

In total, Petitioner filed his petition in the California Supreme Court approximately ten months after the Court of Appeal's May 30, 2025 decision, six months after filing his federal habeas petition, and less than one month after filing his motion for stay and abeyance. Petitioner represents that the state petition spans "2500 or so pages including 20 volumes of exhibits" and incorporates court records obtained as late as February 25, 2026. *See* ECF No. 22 at 5. Accepting these representations, the record does not reflect that Petitioner initiated this federal proceeding as an intentionally dilatory litigation tactic. Rather, Petitioner's pre-filing and post-filing conduct reflects good-faith diligence, and Respondent offers no persuasive reason to conclude otherwise. Accordingly, because Petitioner has established good cause, his unexhausted claim is not plainly meritless, and he has not engaged in intentionally dilatory tactics, a stay and abeyance is warranted under *Rhines*. *See Rhines*, 544 U.S. at 277–78.

**C. Timeliness of Respondent's Motion to Dismiss**

Petitioner argues that it is "improbable" that Respondent's motion to dismiss was timely filed, pointing to an envelope postmarked January 29, 2026. *See* ECF No. 16 at 9. Petitioner asks the Court to verify the timeliness of Respondent's motion and strike it if service was untimely or

defective. *See id.* Under Federal Rule of Civil Procedure 5(b)(2)(C), service is made by "mailing it to the person's last known address—in which event service is complete upon mailing."

Respondent's motion to dismiss is accompanied by a proof of service by U.S. mail, signed under penalty of perjury, attesting that a copy of the motion was mailed to Petitioner from Sacramento, California, on January 15, 2026. *See* ECF No. 12 at 6. The Court's docket likewise confirms that the motion was timely filed on January 15, 2026. *See id.* at 1. Because service was complete upon mailing on January 15, 2026, and nothing in the record establishes an untimely filing or defective service, Petitioner's request to strike the motion is denied.

**D. Cognizability of Conditions-of-Confinement Claims**

Petitioner raises an Eighth Amendment cruel and unusual punishment claim challenging the conditions of his confinement. *See* ECF No. 1 at 92–96. In his opposition, Petitioner also asserts that hearing impairment and sleep deprivation during trial violated his due process rights. *See* ECF No. 16 at 8–9. Respondent moves to dismiss these claims on the ground that challenges to conditions of confinement must be brought in a civil rights action rather than a habeas corpus proceeding. *See* ECF No. 12 at 5.

When a state prisoner challenges the legality of his custody—either the fact of confinement or the duration of confinement—and seeks a determination that he is entitled to an earlier or immediate release, such a challenge is cognizable in a petition for a writ of habeas corpus under 28 U.S.C. § 2254. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *see also Neal v. Shimoda*, 131 F.3d 818, 824 (9th Cir. 1997); *Trimble v. City of Santa Rosa*, 49 F.3d 583, 586 (9th Cir. 1995) (per curiam). By contrast, where a prisoner challenges the conditions of his confinement, rather than its fact or duration, his remedy lies in a civil rights action under 42 U.S.C. § 1983. *See Rizzo v. Dawson*, 778 F.2d 527, 531–32 (9th Cir. 1985); *see also Skinner v. Switzer*, 562 U.S. 521, 535 n.13 (2011) (noting that "when a prisoner's claim would not 'necessarily spell speedier release,' that claim does not lie at 'the core of habeas corpus' and may be brought, if at all, under § 1983"). In the Ninth Circuit, any claim that would not necessarily lead to an inmate's immediate or earlier release, if successful, falls outside the core of habeas corpus jurisdiction and must be brought, if at all, under § 1983. *See Nettles v. Grounds*, 830 F.3d

922, 927, 931, 935 (9th Cir. 2016) (en banc); *see also Blair v. Martel*, 645 F.3d 1151, 1157–58 (9th Cir. 2011). Thus, 28 U.S.C. § 2254 cannot be used to challenge conditions of confinement.

When a habeas corpus petition asserts claims cognizable under § 1983, a district court may recharacterize the petition as a civil rights complaint if the action is amenable to recharacterization. *See Nettles*, 830 F.3d at 936. A habeas petition is amenable to recharacterization when it names the correct defendants and seeks the correct relief. *See id.* Even where an action is amenable, a district court may recharacterize a habeas petition as a § 1983 action only after "notifying and obtaining informed consent from the prisoner." *Id.* Petitioner's arguments that civil rights claims implicating due process "are valid habeas claims" are unpersuasive. *See* ECF No. 16 at 8–9. Petitioner cites *Dillard v. Pitchess* for the proposition that "a defendant [cannot] be denied the opportunity for a reasonable night's sleep before each day of his trial." *Id.* at 8 (quoting *Dillard v. Pitchess*, 399 F. Supp. 1225, 1236 (C.D. Cal. 1975)). While *Dillard* recognized that pretrial detainees have constitutional rights regarding conditions affecting their ability to stand trial, *Dillard* was itself a civil rights action brought under 42 U.S.C. § 1983—not a federal habeas corpus proceeding under 28 U.S.C. § 2254. *See Dillard*, 399 F. Supp. at 1226.

Petitioner also cites an unpublished California appellate decision, *People v. Pecot*, No. C100290, 2025 Cal. App. Unpub. LEXIS 3809 (June 18, 2025), noting that it involved a habeas petition citing *Dillard v. Pitchess*. *See* ECF No. 16 at 8. However, a state court decision referencing *Dillard* does not alter the scope of federal habeas jurisdiction under 28 U.S.C. § 2254, nor does it transform an Eighth Amendment conditions-of-confinement claim into a cognizable federal habeas claim. To the extent Petitioner attempts in his opposition to reframe his conditions-of-confinement claim as a trial due process claim, a petitioner may not amend his habeas petition through an opposition to a motion to dismiss. *See Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).

Petitioner further cites *United States v. Frazin*, 780 F.2d 1461 (9th Cir. 1986), in support of his due process argument, asserting once more that "[t]his claim is a valid habeas claim." ECF No. 16 at 8. *Frazin*, however, addressed a motion to suppress evidence under the Right to

Financial Privacy Act of 1978, 12 U.S.C. § 3401 *et seq.*, and has no bearing on federal habeas corpus jurisdiction or conditions-of-confinement claims. *See Frazin*, 780 F.2d at 1465–66. Finally, Petitioner's habeas petition is not amenable to recharacterization as a § 1983 civil rights action because it names only the warden as Respondent rather than the individual prison officials responsible for the alleged conditions, and it does not seek appropriate civil rights relief. *See Nettles*, 830 F.3d at 936. Accordingly, Petitioner's conditions-of-confinement claim is dismissed without prejudice to refiling in a separate civil rights action under 42 U.S.C. § 1983.

**E. Excessive Restitution**

Finally, the petition asserts an excessive restitution claim. *See* ECF No. 1 at 90–92. Respondent moves to dismiss this claim on the ground that a challenge to a restitution order does not satisfy the "in custody" requirement of 28 U.S.C. § 2254(a), even where the petitioner is also serving a custodial prison sentence. *See* ECF No. 12 at 4–5 (citing *Bailey v. Hill*, 599 F.3d 976, 979–81 (9th Cir. 2010)). In his opposition, Petitioner concedes that the restitution claim should be dismissed, noting that "all of petitioner's restitution was removed due to a change in state law." ECF No. 16 at 9. Accordingly, Petitioner's excessive restitution claim is dismissed with prejudice.

## IV. CONCLUSION

Based on the foregoing, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 12) be GRANTED IN PART and DENIED IN PART as follows:

   a. Petitioner's excessive restitution claim be DISMISSED with prejudice for lack of habeas jurisdiction;

   b. Petitioner's conditions-of-confinement claim be DISMISSED without prejudice to refiling in a separate civil rights action under 42 U.S.C. § 1983; and

   c. Respondent's motion to dismiss Petitioner's ineffective assistance of counsel claim for lack of exhaustion be DENIED without prejudice;

2. Petitioner's request to strike Respondent's motion to dismiss as untimely (ECF No. 16 at 9) be DENIED;

3. Petitioner's motion for stay and abeyance (ECF No. 17) be GRANTED pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005), and this action be stayed pending exhaustion of Petitioner's ineffective assistance of counsel claim in the California Supreme Court; and
4. Petitioner be directed to file a status report every **ninety (90) days** advising the Court of the status of his state habeas corpus proceedings, and to file a motion to lift the stay—accompanied by a status update—within **thirty (30) days** after the California Supreme Court issues a final decision resolving his pending state habeas petition.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **14 days** after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within **14 days** after service of objections. Failure to file objections within the specified time may waive the right to appeal. *See Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 23, 2026

ILA C. DEISS
UNITED STATES MAGISTRATE JUDGE